**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MICHAEL WAYNE LEGGE**                                                                           **PLAINTIFF**

**VS.**                                                                 **CIVIL ACTION NO. 1:10cv546-JMR**

**DR. ROSS, MIKE BYRD,**
**and MAJOR BRODUS**                                                           **DEFENDANTS**

___

**MEMORANDUM OPINION:**

This matter appears before the Court pursuant to a Motion [17-1] to Dismiss filed by Defendant, William S. R. Ross, M.D., on February 23, 2011. Defendant Ross' Motion is accompanied by a Memorandum [18-1] in Support thereof. Plaintiff filed a Response [19-1] in Opposition of Defendant Ross' motion on March 2, 2011. Plaintiff filed an additional Response [23-1] in Opposition on March 17, 2011. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Motion [17-1] should be granted and all claims against William S. R. Ross, M.D. should be dismissed.

**FACTS**

Plaintiff was a pre-trial detainee at the Jackson County Adult Detention Center ("JCADC") at all times relevant herein. On December 2, 2010, Plaintiff filed this *pro se* § 1983 action against Defendant William S. R. Ross, M.D., ("Dr. Ross") and other Defendants[1]. That same day, Plaintiff filed a Motion [2-1] for Leave to Proceed *In Forma Pauperis*, which was granted by Order [9-1] on

---

[1] Plaintiff's Complaint named Dr. Ross, Sheriff Mike Byrd, and Major Broadus as Defendants to the suit. However, only Dr. Ross is listed as a party to the instant Motion [17-1] to Dismiss. Accordingly, Plaintiff's claims against the other Defendants remain unaffected by the Court's present ruling.

January 19, 2011.  Defendant Dr. Ross filed the present motion to dismiss on February 23, 2011.[2] (*See* Mot. [17-1].)  A *Spears* hearing was held on April 19, 2011.[3]

Plaintiff's claims against Dr. Ross involve allegations of denial of adequate medical care.  Plaintiff alleges that he was denied his pain medications because the entire JCADC was restricted from receiving narcotic medications due to inmate abuse of pain medicine.  Plaintiff's specific claims against Dr. Ross stem from a disagreement of Plaintiff's medical treatment.  According to Plaintiff's pleadings, Plaintiff had a prior operation on his left testicle and he now claims that he needs additional surgery on his testicle.   Plaintiff alleges that Dr. Ross has deemed the surgery elective because he does not want the JCADC to have to pay for the surgery.  Plaintiff further alleges that Dr. Ross misdiagnosed a bump on Plaintiff's stomach and he seeks a second opinion.

## STANDARD OF REVIEW

The Complaint in this case is governed by the Prison Litigation Reform Act ("PLRA").  Because Plaintiff is a detainee who proceeds *in forma pauperis*, the PLRA authorizes the Court to dismiss the case if it is determined that the complaint is frivolous.  *See* 42 U.S.C. § 1997(e)(c); 28

---

[2]  Dr. Ross additionally seeks to have the suit against him dismissed due to Plaintiff's failure to comply with MISS. CODE ANN. § 15-1-36(15) and § 11-15-18**.**  MISS. CODE ANN. § 15-1-36(15) requires that the plaintiff in a medical malpractice action provide the defendant physician with sixty days prior written notice of the intention to file suit.  MISS. CODE ANN. § 11-15-18 requires that the plaintiff in a medical malpractice action submit a certification stating that the plaintiff has consulted with a medical expert and that there is a reasonable basis for commencing the suit.  Dr. Ross contends that Plaintiff has failed to comply with both provisions, and therefore the present action should be dismissed.

The Court notes that Plaintiff has filed his suit pursuant to § 1983, and thus the mandates of MISS. CODE ANN. § 15-1-36(15) and § 11-15-18 are inapplicable.  When a pre-trial detainee alleges unconstitutional conduct which involves an episodic act or omission, the standard is not one of negligence, but whether the state official acted with deliberate indifference to the detainee's constitutional rights.  *See Gibbs v. Grimmette,* 254 F.3d 545, 548 (5th Cir. 2001).   Therefore, the Court shall review Plaintiff's Complaint to determine whether Plaintiff has alleged that Dr. Ross acted with deliberate indifference to Plaintiff's medical needs.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

U.S.C. § 1915A(b). A complaint is frivolous if it lacks any arguable basis in law or fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in fact if it is wholly based on an indisputably meritless legal theory . . . ." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A motion to dismiss pursuant to § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to FED.R.CIV.P. 12(b)(6). *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

In considering a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)). The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker*, 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's formal

complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709, 713-714 (5th Cir. 1976)).

## **ANALYSIS**

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

An official capacity action cannot be maintained against Dr. Ross, because he is not a policymaker for purposes of municipal liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). "Only those officials who have final policymaking authority may render the municipality liable under § 1983." *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). In Mississippi, sheriffs are final policymakers for their respective department's law enforcement decisions made within their

counties. *Brooks v. George County, et al.*, 84 F.3d 157, 165 (5th Cir. 1996). Accordingly, Plaintiff's claim must proceed against Dr. Ross in his individual capacity only. *See Grosch v. Tunica County, Miss.*, 2008 WL 114773, *9 (N.D. Miss. 2008).

There is no significant distinction between pretrial detainees and convicted inmates when the denial of medical care is at issue. *Gibbs*, 254 F.3d at 548. When an alleged constitutional violation for failure to provide adequate medical care stems from an episodic act or omission, the question is whether the state official acted with deliberate indifference to the individual's constitutional rights. *Id.* In order to prove deliberate indifference to serious medical needs, and thus a constitutional violation, a prisoner must show that the state official knew of and disregarded an excessive risk to inmate health or safety. *See Stewart v. Murphy*, 174 F.3d 530, 534-35 (5th Cir. 1999).

Deliberate indifference is more than mere negligence in providing or failing to provide medical treatment. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982). The law is clear that unsuccessful medical treatment, mere negligence, neglect, nor medical malpractice gives rise to a section 1983 cause of action. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, disagreement with medical treatment alone is insufficient to support a claim under section 1983. Rather, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff alleges that Dr. Ross failed to provide him with pain medication due to a JCADC policy restricting distribution of narcotic medication to inmates. Further, Plaintiff disagrees with Dr. Ross' diagnosis of a bump on Plaintiff's stomach and the diagnosis and treatment of a prior

operation on his left testicle. Plaintiff contends that he developed a "lump on [his] naval" and Dr. Ross informed him that he was fat. (Letter [8-1] 2.) Plaintiff believes that the bump is a hernia protruding through his naval and he seeks a second opinion. *Id.* Also, Plaintiff claims that he has a spot on his left testicle and needs "further treatment." *Id.* at 3. He asserts that he was informed any surgery on his testicle would be elective so that the JCADC would not have to pay for the surgery.

Plaintiff admits to receiving certain medications after being examined by Dr. Ross but claims that he was denied pain medication. (Letter [8-1] 2.) Plaintiff acknowledges being treated and examined by Dr. Ross and being prescribed medications; however, Plaintiff disagrees with Dr. Ross' diagnoses and the medications he prescribed. (*See* Resp. [19-1].) Also, Plaintiff notes that it was the Sheriff's policy not to provide pain medication to inmates and that Dr. Ross was following that policy. (*See* Compl. [1-1]; *see also* Resp. [19-1]; Resp. [23-1].)

This Court finds that Plaintiff has not sufficiently alleged that Dr. Ross was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that he drew that inference. Plaintiff claims that he was taking pain medication because of four prior surgeries. However, Plaintiff does not inform this Court what type of surgeries they were or when they occurred, nor does Plaintiff inform the Court as to what type of complications, if any, he is having as a result of the surgeries that allegedly require pain medication. Plaintiff has not alleged a serious medical need in which the absence of pain medication created a substantial risk of serious medical harm. The Court is aware that an individual who does not receive narcotic pain medication may foreseeably experience discomfort while incarcerated, but there is nothing in the pleadings to suggest that this could be life-threatening or should prompt immediate referral to a doctor or hospital. *Corley v. Prator*, 290 Fed.Appx. 749, 753 (5th Cir. 2008) (unpublished). Plaintiff has not alleged that the lack of pain medication caused him substantial harm, nor has Plaintiff alleged how

he was injured by Defendant Ross' actions or inactions. Ordinarily, short delays in receiving pain medication, absent a distinct serious medical need, do not give rise to a substantial risk of serious medical harm. *See Haddie v. Kerss*, 203 F. App'x 551, 553 (5th Cir. 2006) ("[Plaintiff] has not shown that he faced a 'substantial risk of serious harm' from the occasional denial of pain medication... The result of the defendants' actions was unrelieved, pre-existing back and shoulder pain, not a worsening of his condition or other serious harm.") Additionally, Plaintiff admits that it was the JCADC's policy to not provide inmates with pain medication and not Dr. Ross' individual policy. (*See* Resp. [19-1].)

There is simply no allegation or inference contained in Plaintiff's Complaint or pleadings that Dr. Ross knew of and consciously disregarded a serious risk to Plaintiff's health or safety. Despite Plaintiff's disagreement with the treatment of his left testicle and lump on his stomach, the record is clear that Plaintiff received medical treatment from Dr. Ross in response to his complaints. Plaintiff acknowledges that Dr. Ross examined his left testicle but he disagrees with Dr. Ross' diagnosis, stating that Dr. Ross "diagnosed what he thought the problem was!" (Resp. [19-1] 2.) As to the alleged lump on Plaintiff's stomach, Plaintiff notes that Dr. Ross prescribed medication following an examination, however, Plaintiff disagrees with the medication prescribed and asserts that Dr. Ross called him fat. *Id.* at 4. Therefore, Plaintiff cannot claim that Dr. Ross either ignored his complaints or refused to treat him. Furthermore, Plaintiff has no means of supporting an allegation that Dr. Ross intentionally treated him incorrectly. The Court notes that Plaintiff makes the assumption that Dr. Ross deemed surgery on Plaintiff's testicle as elective so as to prevent the JCADC from having to pay for Plaintiff's surgery. (Resp. [11-1] 2.) Plaintiff states that he has "a spot on [his] left testicle and severe pain/swelling! [Dr. Ross] tells me it's possible I need another surgery but he thinks it elective! This is the way of saying ADC will not pay for this!" *Id.* The Court

finds this claim to be a conclusory allegation and an unwarranted deduction of fact, which this Court does not accept as true. *Tucuman*, 14 F.3d at 1067. Even if all of Plaintiff's allegations are taken as true, the Court finds that Plaintiff merely disagrees with Dr. Ross' treatment of Plaintiff's alleged injuries. Therefore, the Court is unable to conclude that Dr. Ross acted with deliberate indifference to Plaintiff's medical needs.

Based on the evidence of record, the Court finds that Plaintiff has failed to state a claim against Dr. Ross pursuant to § 1983. Plaintiff has not sufficiently alleged that Dr. Ross was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that he drew that inference. Plaintiff's complaint fails to allege how he has been harmed or injured by the matters he complains of, and therefore fails to state a claim. Plaintiff has not raised a fact issue as to whether Dr. Ross acted with deliberate indifference. Plaintiff's complaints regarding Dr Ross' diagnoses and treatment of Plaintiff's left testicle and lump on his stomach, at best, constitute a disagreement with his treatment protocol. At worst, Plaintiff's allegations regarding Dr. Ross' treatment constitute medical malpractice. However, the law is clear that neither theory will permit a recovery for damages under § 1983. Plaintiff acknowledges that it was the JCADC's policy not to provide any inmate with narcotic pain medication and not a restriction enacted by Dr. Ross individually. Furthermore, Plaintiff has not made any allegation of any serious medical need. The Court is simply unable to conclude that, based on the aforementioned allegations, Plaintiff is capable of proving any set of facts which would entitle him to pursue his claims against Dr. Ross. Accordingly, Dr. Ross should be dismissed as a Defendant to the instant action.

## **CONCLUSION**

The Court notes that Plaintiff is proceeding *pro se*, and has viewed the Complaint and pleadings in a liberal fashion. However, after a thorough review of the record, the Court concludes

that Plaintiff's pleadings do not include any allegations of deliberate indifference on the part of Dr. Ross. Accordingly, the Court finds that the Motion to Dismiss should be granted, and Dr. Ross should be dismissed as a Defendant to the instant action. As previously noted, Plaintiff's claims against the other Defendants remain unaffected by the Court's present ruling.

This the ___13th___ day of June, 2011.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE